YM

FILED
FEBRUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 823

JUDGE ST. EVE
MAGISTRATE JUDGE NOLAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREIGHTQUOTE.COM, INC., | Civil Action No. |
| Plaintiff, | |
| v. | |
| PACIFIC ATLANTIC FREIGHT, | |
| Defendant. | |

**COMPLAINT**

Plaintiff, Freightquote.com, Inc. ("Freightquote.com"), complains of defendant, Pacific Atlantic Freight, as follows:

1. This is a Complaint for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trademark infringement under 15 U.S.C. § 1114; and for common law trademark infringement and state law unfair competition.

2. This Court has jurisdiction over the subject matter of the Complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper under 28 U.S.C. § 1391.

3. Freightquote.com is a Delaware corporation with its principal place of business at 16025 W. 113th Street, Lenexa, Kansas.

4. Freightquote.com provides freight shipping and management services through its Internet web site www.freightquote.com.

5. Pacific Atlantic Freight ("P.A.F.") is a business operating under the laws of the State of California with a place of business at 2899 Agoura Road, Suite 310, Westlake Village, California.

6. P.A.F. provides freight shipping and management services through its Internet web site www.freightshippingcenter.com which can also be reached through a link from the purported web address www-freight-quotes.com.

7. The Court has personal jurisdiction over P.A.F. because, among other things, it transacts business in this District, at least by offering to sell, selling and/or advertising freight shipping and management services through the Internet in such a way as to reach customers in Illinois and this judicial District. Personal jurisdiction also exists because P.A.F. has committed acts of infringement in Illinois and this judicial District from which this cause of action arose.

8. The Defendant's services are not only being placed in the stream of commerce in Illinois, in this judicial district and elsewhere in the United States, but they are offered in direct competition with Freightquote.com's services.

**General Allegations**

9. Freightquote.com owns and has standing to sue for infringement of its family of "freightquote" and "freightquote.com" trademarks, including United States Trademark Registration Nos. 3,185,852, 3,185,806 and 2,369,546 (the "Freightquote Trademarks").

10. The Freightquote Trademarks have been in use by Plaintiff in interstate commerce and throughout the United States since at least 1999. As a result of Freightquote.com's extensive sales, advertising and promotion of freight shipping and management services using the Freightquote Trademarks, those marks have become widely and favorably known and recognized in the trade as originating with Freightquote.com.

11. The Freightquote Trademarks achieved strong and favorable public recognition and secondary meaning before Defendant's first use of the same marks in the offer for sale, sale and promotion of the same services.

12. With full knowledge of Plaintiff's trademark rights, P.A.F. in bad faith selected and began using the confusingly similar mark www-freight-quotes.com to intentionally mislead customers into believing that P.A.F. was sponsored by or affiliated with Plaintiff.

13. The activities of P.A.F. complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have continued despite Defendant's knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.

14. Defendant's intentional copying and unauthorized use of the Freightquote Trademarks is calculated to deceive the public and unfairly trade off Plaintiff's goodwill and reputation developed from its association with the Freightquote Trademarks. Such use deprives Plaintiff of control over the quality of services the general public has come to associate with Freightquote.com. The negative effects and damage to the Plaintiff's reputation are substantial and irreparable.

15. Defendant has caused, and will continue to cause, confusion in the marketplace as to the source, sponsorship or affiliation between Plaintiff's and Defendant's services, unless and until enjoined by this Court.

## Count I
## Unfair Competition And False Designation Of Origin

16. Plaintiff repeats the allegations of ¶¶ 1 through 15, above.

17. This claim is for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18. Defendant was fully aware of the popularity of Freightquote.com's freight shipping and management services and the clear association of the Freightquote Trademarks with those services. Defendant intentionally advertised and promoted its services under the [www-freight-quotes.com](www-freight-quotes.com) mark which creates the same overall visual effect as the Freightquote Trademarks. The [www-freight-quotes.com](www-freight-quotes.com) web address was designed to have the same overall appearance as the Freightquote Trademarks and is confusingly similar thereto.

19. Sales of freight shipping and management services under the [www-freight-quotes.com](www-freight-quotes.com) mark by Defendant are likely to cause confusion on the part of end-users of such services. The public, therefore, will be falsely led to associate Defendant's services with Freightquote.com's services because of the similarity in text, appearance and look. Consumers are likely to believe that Defendant's services are either licensed or sponsored by Freigthquote.com or are being placed on the market with the consent and authority of Freightquote.com.

20. Defendant has willfully, deliberately and with predatory intent, created such confusion by copying and reproducing the distinctive and unique Freightquote Trademarks; and has advertised and sold its services so as to cause public confusion and deception. Further, Defendant's sales and offers to sell its services have caused Freightquote.com the loss of its valuable goodwill and reputation for selling distinctive and high-quality freight shipping and management services under the Freightquote Trademarks.

21. The foregoing acts by Defendant of false designation of the origin of its services have deceived and will deceive the public, all in violation of Section 43(a) of the Lanham Act. Such acts have irreparably injured and will continue to injure Freightquote.com unless enjoined by this Court.

## Count II
## Trademark Infringement

22. Plaintiff repeats the allegations of ¶¶ 1 through 21, above.

23. This claim for relief arises under the Lanham Act, Title 15 U.S.C. § 1051 et seq.

24. Freightquote.com owns and has standing to sue for infringement of the Freightquote Trademarks. Freightquote.com advertises, offers for sale and sells freight shipping and management services using the trademarks at issue.

25. Notice of the trademark registrations has been given in accordance with 15 U.S.C. § 1111.

26. Defendant's unauthorized use of the Freightquote Trademarks is likely to cause confusion, deception and mistake on the part of the consuming public, in that, the consuming public will mistakenly believe that services of Defendant actually emanate from Freightquote.com, or are in some way sponsored by or associated with Freightquote.com, all to the irreparable harm and detriment of the established reputation, goodwill and business of Freightquote.com. The acts complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

27. By reason of Defendant's acts, Freightquote.com will continue to suffer damage to its business, reputation and good will and the loss of sales and profits that Freightquote.com would have made but for Defendant's acts.

28. Defendant's unlawful infringement has irreparably damaged Freightquote.com and will continue to do so unless enjoined by this Court.

## Count III
## Common Law Trademark Infringement And State Law Unfair Competition

29. Plaintiff repeats the allegations of ¶¶ 1 through 28, above.

30. Because of its extensive sales and publicity, Freightquote.com acquired common law trademark rights in and to its Freightquote Trademarks for its freight shipping and management services. Defendant's acts of consumer deception described above are deliberately calculated to confuse citizens of the State of Illinois and elsewhere in the United States as to the source and origin of Defendant's services. Such acts constitute infringement of Freightquote.com's common law trademark rights, as well as unfair competition under the laws of Illinois. Defendant's acts of false advertising also constitute unfair competition under the laws of Illinois.

31. By reason of the acts complained of herein, Defendant has engaged in and will continue to engage in unfair competition with, and will continue to infringe Freightquote.com's trademark rights, all to Freightquote.com's continuing irreparable detriment and damage unless enjoined by this Court.

32. Defendant, in committing the acts complained of herein, has acted with malice and in reckless disregard of the rights of Freightquote.com.

**Prayer For Relief**

WHEREFORE, Freightquote.com seeks the following relief:

A. That Pacific Atlantic Freight, and its officers, agents, directors, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from:

1. using the Freightquote Trademarks and common law trademarks (or marks confusingly similar) in association with freight shipping and management services;

2. causing confusion with Freightquote.com's services and injury to Freightquote.com's reputation, business and trademarks;

      3.      advertising (over the Internet, through catalogs, or otherwise), selling, using, accepting orders for or offering to sell services in conjunction with, or under, the Freightquote Trademarks;

      4.      causing further confusion with and injury to Freightquote.com's reputation, business and Freightquote Trademarks and common law trademarks, including Freightquote.com's symbols, labels or other forms of advertisement and trademarks;

      5.      otherwise infringing the Freightquote Trademarks and common law trademarks.

    B.    That Freightquote.com be awarded damages as provided by law, including but not limited to damages pursuant to 15 U.S.C. §§ 1117(a) and (b).

    C.    That Freightquote.com be awarded its costs and expenses in bringing and maintaining this action, including reasonable attorneys' fees.

    D.    That Freightquote.com be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendant's unlawful acts, including Freightquote.com's loss of goodwill, loss of past and/or future sales, and damages caused by Defendant's acts of trademark infringement, common law trademark infringement and unfair competition. That Freightquote.com be awarded increased damages based upon the intentional and willful nature of Defendant's conduct of the kind complained of herein. That Freightquote.com be awarded all profits received by Defendant from the sale of services identified or advertised through the use of identical or confusingly similar designations and marks.

E. That Defendant be ordered to deliver up for destruction all advertisements, circulars, brochures, and any other items in its possession, custody or control bearing the Freightquote Trademarks or any other similar designations.

F. That Defendant be ordered to (a) prepare and send to its customers and the general public corrective statements approved by Freightquote.com, correcting all false statements made and all misrepresentations made concerning the Freightquote Trademarks; and (b) to disclaim any association between Defendant and Freightquote.com and/or its services.

G. That judgment be entered in favor of Freightquote.com and against Defendant on each claim made in the Complaint.

H. That the Court provide Freightquote.com with such other and further relief as it deems just and proper, or that Freightquote.com may be entitled to under the law.

**Jury Demand**

A trial by jury is demanded on all issues triable to a jury in this case.

Respectfully submitted,

/s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Facsimile: (312) 236 3137
rnirojr@nshn.com; hayes@nshn.com

Attorneys for Freightquote.com, Inc.