IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREIGHTQUOTE.COM, INC., | Civil Action No. 1:08-cv-00823 |
| Plaintiff, | Judge St. Eve |
| | Magistrate Judge Nolan |
| v. | |
| PACIFIC ATLANTIC FREIGHT, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

## **TABLE OF CONTENTS**

I.    ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE ............................................... 1
II.   REQUESTED RELIEF ..................................................................................................... 3
    A.   Actual Damages ..................................................................................................... 3
    B.   Statutory Damages ................................................................................................. 4
    C.   Injunctive Relief ..................................................................................................... 5
    D.   Attorneys' Fees and Costs ...................................................................................... 5
III.  CONCLUSION .................................................................................................................. 5

## I.     ENTRY OF DEFAULT JUDGMENT IS APPROPRIATE

It is well established that "upon the entry of default judgment, the factual allegations of the complaint are taken as true."  Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc., 2007 U.S. Dist. LEXIS 66816 at *7 (N.D. Ill. September 10, 2007), citing Cass County Music Co. v. Muedini, 55 F.3d 263, 256-66 (7th Cir. 1995).

Some of the more pertinent allegations of the Complaint include:

> 9.     Freightquote.com owns and has standing to sue for infringement of its family of "freightquote" and "freightquote.com" trademarks, including United States Trademark Registration Nos. 3,185,852, 3,185,806 and 2,369,546 (the "Freightquote Trademarks").
>
> 10.    The Freightquote Trademarks have been in use by Plaintiff in interstate commerce and throughout the United States since at least 1999.  As a result of Freightquote.com's extensive sales, advertising and promotion of freight shipping and management services using the Freightquote Trademarks, those marks have become widely and favorably known and recognized in the trade as originating with Freightquote.com.
>
> 11.    The Freightquote Trademarks achieved strong and favorable public recognition and secondary meaning before Defendant's first use of the same marks in the offer for sale, sale and promotion of the same services.
>
> 12.    With full knowledge of Plaintiff's trademark rights, P.A.F. in bad faith selected and began using the confusingly similar mark www-freight-quotes.com to intentionally mislead customers into believing that P.A.F. was sponsored by or affiliated with Plaintiff.
>
> 13.    The activities of P.A.F. complained of herein constitute willful and intentional infringement of the Freightquote Trademarks and were commenced and have continued despite Defendant's knowledge that its unauthorized use of the Freightquote Trademarks is in direct contravention of Plaintiff's rights.
>
> 14.    Defendant's intentional copying and unauthorized use of the Freightquote Trademarks is calculated to deceive the public and unfairly trade off Plaintiff's goodwill and reputation developed from its association with the Freightquote Trademarks.  Such use deprives Plaintiff of control over the quality of services the general public has come to associate with Freightquote.com.  The negative effects and damage to the Plaintiff's reputation are substantial and irreparable.

> 15. Defendant has caused, and will continue to cause, confusion in the marketplace as to the source, sponsorship or affiliation between Plaintiff's and Defendant's services, unless and until enjoined by this Court.

(Complaint at ¶ 9-15). Plaintiff also alleged that the infringing "web addresses was designed to have the same overall appearance as the Freightquote Trademarks and is confusingly similar thereto" (Id. at ¶ 18), and that "Defendant has willfully, deliberately and with predatory intent, created such confusion by copying and reproducing the distinctive and unique Freightquote Trademarks" (Id. at ¶ 20).

These factual allegations, accepted as true, are more than sufficient to prove violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I), violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count II) and state law unfair competition (Count III). Indeed, to establish trademark infringement, Plaintiff need only demonstrate: "(1) that it has a protectable trademark; and (2) a 'likelihood of confusion' as to the origin of the Defendant's product." International Kennel Club v. Mighty Star, Inc., 846 F.2d 1079, 1084 (7th Cir. 1988). A trademark is protectable if it has acquired secondary meaning. Id. at 1085. Plaintiff's Complaint goes well beyond pleading secondary meaning and likelihood of confusion, as shown above.

Incredibly, Defendant has continued to use and illegally profit from its infringing trademark through the present day – even after default was entered on April 3, 2008 (Exhibit A; see also Exhibit C at 4) – while at the same time refusing to participate in this action or comply with the Court's Orders. Plaintiff has contacted Defendant dozens of times since the filing of the Complaint – by email, fax, Federal Express, hand delivery and telephone – both at the Defendant's headquarters and the residence address of the reported owner of the company, Dennis Gershman, and the "administrative contact" for the www-freight-quotes.com domain registration, Ashlee Gershman. Notably, "A. Gershman" signed for the Federal Express package

containing Plaintiff's March 27, 2008 Motion for Entry of Default (Exhibit B at 5).  Yet, Plaintiff has received no response whatsoever from Defendant.

Entry of default judgment on Counts I-III of the Complaint is clearly warranted.

## II.     REQUESTED RELIEF

### A.     Actual Damages

For approximately sixteen months, Defendant's infringing trademark has appeared side-by-side with Plaintiff's trademarks in active link advertising through the search engine www.google.com, resulting in customer confusion, lost sales for Plaintiff and illegal profits to Defendant (Exhibit C, Goodwin Decl., ¶ 3-10). Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to recover any damages it sustained from the infringement, which damages are detailed in the attached declaration (Id.).  Specifically, the gross margin realized by Plaintiff (directly attributable to its advertising on www.google.com) during the infringing time period was $2,989,692 (Id., ¶ 4).  Deducting the "per click" charge paid to Google® of $742,789 and the variable overhead costs of $448,454 results in lost profits to Plaintiff of $1,798,489 (Id., ¶ 5-9).

Alternatively, Plaintiff may elect to recover Defendant's profits:  "In assessing profits the Plaintiff shall be required to prove Defendant's sales only; Defendant must prove all elements of cost or deduction claimed."  15 U.S.C. § 1117(a).  In addition, § 1117(b) allows the Court to "enter judgment for three times such profits or damages" if Defendant's infringement was willful.

Plaintiff specifically sought damages under both §§ 1117(a) and (b) in its Prayer for Relief of the Complaint:

> That Freightquote.com be awarded damages as provided by law, including but not limited to damages pursuant to 15 U.S.C. §§ 1117(a) and (b).

(Complaint, p. 7 ¶ B).  Based upon the reasonable and conservative analysis set forth in the attached declaration of Plaintiff's Executive Vice President of Sales and Marketing, Bill

3

Goodwin, Plaintiff should be awarded no less than **$1,798,489** in actual damages sustained as a result of Defendant's infringement (Exhibit C, ¶ 9).

### B.  Statutory Damages

In Lorillard Tobacco, the court found that the Lanham Act itself "allows a plaintiff to elect, at any time before final judgment is rendered, one of two alternative recovery options for trademark infringement: (1) the actual damages caused by the infringement, *15 U.S.C. § 1117(a)*; or (2) statutory damages. *15 U.S.C. § 1117(c)*." 2007 U.S. Dist. LEXIS 66816 at *4.  In that case, as here in Plaintiff's Count II, the defendants were charged "with violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*"  Id. at *2.  The Lorillard Tobacco court held that the Lanham Act's statutory damages provision "was tailor made" for default judgment proceedings such as this, holding:

> Courts commonly find statutory damages appropriate in default judgment cases because the information needed to prove actual damages is within the infringer's control and is not disclosed.

Id. at *6, n.1 (citations omitted).  Although Plaintiff submits that the attached declaration more than provides an adequate basis to award actual damages, in the event the Court finds otherwise, Plaintiff respectfully elects the alternative remedy of statutory damages.

Moreover, based upon Defendant's willful infringement (Complaint at ¶ 12-14, 20), this Court has wide discretion to award statutory damages of "up to $1,000,000," 15 U.S.C. § 1117(c)(2), while even non-willful use of Plaintiff's trademark allows statutory damages of "not less than $500 and no more than $100,000."  15 U.S.C. § 1117(c)(1).  Because only one infringing trademark was used by Defendant in this action, statutory damages can be awarded up to $100,000 (for non-willfulness) and $1,000,000 (for willfulness).[1]

---

[1] Section 1117(c) deals with counterfeit trademarks, which is defined as a mark that is "substantially indistinguishable" from a registered mark.  15 U.S.C. §§ 1116(d) and 1117(c).

4

To the extent this Court finds it warranted (and only to the extent the Court does not award actual damages), Plaintiff respectfully elects statutory damages in the full amount permitted by statute: $1,000,000.

### C. Injunctive Relief

Injunctive relief is also warranted in default judgment trademark actions, Lorillard Tobacco, 2007 U.S. Dist. LEXIS 66816 at *2; see also Capitol Records, Inc. v. Mattingley, 461 F.Supp.2d 846, 852 (S.D. Ill. 2006) ("[C]ourts also regularly issue injunctions as part of default judgments."; citations omitted). Therefore, Plaintiff requests entry of the attached proposed Permanent Injunction to prevent further infringement by Defendant.

### D. Attorneys' Fees and Costs

Pursuant to the declaration of attorney Raymond Niro Jr. and the attached time records, Plaintiff has incurred $15,485.00 in attorneys' fees and $900.02 in costs in this action (Exhibit D). Such fees and costs were requested in the Complaint and are permitted under the Lanham Act. These fees and expenses were clearly reasonable and necessary under the circumstances. They should be reimbursed to Plaintiff.

## III. CONCLUSION

Defendant created this unfortunate situation by intentionally copying Plaintiff's registered trademarks, then failing to respond to the Complaint or attend any of the scheduled court hearings – despite receiving repeated and multiple forms of notice. Defendant has been found in default and entry of Default Judgment is now appropriate.

---

While Plaintiff's Prayer for Relief does not directly recite § 1117(c), it specifically seeks all damages provided by the trademark laws, "including but not limited to damages pursuant to 15 U.S.C. §§ 1117(a) and (b)." Clearly, this request in Plaintiff's Complaint should be construed to include § 1117(c) as well, or else the remainder of the sentence is rendered meaningless.

Specifically, Plaintiff seeks Default Judgment of no less than **$1,798,489** in actual damages, **$15,485.00** in attorneys' fees and **$900.02** in costs.  Also, Plaintiff requests entry of a Permanent Injunction to prevent Defendant's continued infringement and to protect the relevant public from further confusion in the marketplace.

Respectfully submitted,

/s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
Dina M. Hayes
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602 4515
Phone: (312) 236 0733
Facsimile: (312) 236 3137
rnirojr@nshn.com; hayes@nshn.com

Attorneys for Freightquote.com, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I caused the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT to be electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served upon Defendant as follows:

| *by email and Federal Express to:* | *by Federal Express to:* |
|---|---|
| Pacific Atlantic Freight<br>c/o Any authorized agent or representative<br>2899 Agoura Rd. Ste #310<br>Westlake Village, CA 91361<br>Fax: (805) 267-4835<br>info@freightshippingcenter.com | Pacific Atlantic Freight<br>c/o Dennis Gershman<br>6167 Lake Lindero Dr.<br>Agoura Hills, CA 91301 |

                                                /s/ Raymond P. Niro, Jr.
                                                Attorney for Plaintiff