IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREIGHTQUOTE.COM, INC., | Civil Action No.  1:08-cv-00823 |
| Plaintiff, | Judge St. Eve |
| | Magistrate Judge Nolan |
| v. | |
| DENNIS GERSHMAN, individually and d/b/a PACIFIC ATLANTIC FREIGHT, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
## OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Dennis Gershman d/b/a Pacific Atlantic Freight (hereinafter referred to as "Defendant" or "PAF") respectfully requests that this Court dismiss the above-captioned action pursuant to Fed.R.Civ.P. 12(b)(3), because this venue is improper or, in the alternative, transfer venue under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California, together with such other and further relief that this Court deems just and proper.  In support thereof, Defendant submits this Memorandum of Law in Support of its Motion.

## INTRODUCTION

Plaintiff Freightquote.com, Inc. (hereinafter referred to as "Plaintiff" or "Freightquote") filed this action in the Northern District of Illinois for one reason: Plaintiff's lawyer is located here.  Defendant is an individual residing in California and operating a place of business in California.  (First Amended Complaint ("Complaint") ¶¶

5-6.)  Plaintiff is a Delaware corporation with its principal place of business in Kansas. (Complaint ¶ 3.)

Plaintiff's choice of venue is improper as the Defendant is a resident of California and this district is not one in which a substantial part of the events or omissions giving rise to the claim occurred.  Therefore, this Court should grant Defendant's Motion to Dismiss the Complaint because this Court is an improper venue.

Should the Court, however, decide that this matter should not be dismissed for the reasons set forth by the Defendant, it is respectfully requested that this Court grant Defendant's alternative Motion to Transfer Venue to the Central District of California as this case could have been properly brought in the Central District of California, this matter has no significant connection to this district, and all of the relevant factors weigh in favor of transfer.

## ARGUMENT

### I.    THIS MATTER SHOULD BE DISMISSED FOR IMPROPER VENUE

The Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  28 U.S.C. § 1406(a) explicitly grants this Court the power to dismiss this case if it determines that Plaintiff has "la[id] venue in the wrong division or district."

"The main purpose of the venue requirements is to protect a defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial."  *Oggi Cosmetics, Ltd. v. Oggi International*, 1990 U.S. Dist. LEXIS 6725, at *6 (N.D. Ill. June 1, 1990) (citing *Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979)).

It is the plaintiff's burden to plead sufficient facts to establish that the forum chosen is a proper venue. *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969) ("Plaintiff has the burden of establishing proper venue.") (internal citations omitted). Plaintiff alleges that venue lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391. (Complaint ¶ 2.) The relevant part of the statute reads:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in:
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this case, it is undisputed that Defendant is a resident of California. (Complaint ¶ 5.) Since the Defendant resides in Agoura Hills, California, it is clear that under 28 U.S.C. § 1391(b)(1), venue would be proper in the Central District of California. Because there is a district where the action can be brought, 28 U.S.C. § 1391(b)(3) is inapplicable.

This leaves only §1391(b)(2) as a possible basis for Plaintiff's claim that venue is proper in this Court. Plaintiff, however, cannot rely on this provision as the Northern District of Illinois is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. 1391(b)(2). Plaintiff has not even attempted to make such an argument and has alleged no facts, let alone significant ones, that would

tie this case to Illinois.  Under these circumstances, venue in this District under 28 U.S.C. § 1391(b)(2) is improper and the case should be dismissed.

## II.　　THIS MATTER SHOULD BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1406 or 28 U.S.C. § 1404 (a).

This Court has the authority to transfer this case "to any district or division in which it could have been brought" either because it has been laid in the wrong district under 28 U.S.C. §1406(a) or "[f]or the convenience of parties and witnesses" and "in the interest of justice" under 28 U.S.C. § 1404(a).  If the Court is so inclined, it could transfer the case to the Central District of California where it could have, and should have, been brought in the first place.  As stated above, the requirement of proper venue serves the purpose of protecting a defendant from the plaintiff's selection of an unfair or inconvenient place for trial. *Oggi*, at *6.

As discussed above, the Court should find that this case has been laid in the wrong district under 28 U.S.C. § 1391(b) and should dismiss, or transfer, the case under 28 U.S.C. § 1406(a).  If, however, it is found that the Plaintiff has laid this case in the proper district, this Court should nonetheless transfer this case under 28 U.S.C. § 1404(a).  Transfer under that circumstance is appropriate when (1) venue and jurisdiction are proper in the transferee district and (2) the transfer will serve the convenience of the parties and witnesses and the interests of justice.  *Restaino v. Illinois State Police*, 2004 U.S. Dist. LEXIS 17464, at *5 (N.D. Ill. August 30, 2004); *Blond & Braun Haarwarenerzeugungs U. Handelsges M.B.H. v. Arroyo*, 2003 U.S. Dist. LEXIS 15691, at *3 (N.D. Ill. September 5, 2003).  It is clear that the Central District of California would be a proper district for transfer as Defendant resides in that district.  (Complaint ¶

4

5.)  The next step in the analysis is to weigh the factors considering the convenience of the parties and witnesses and the interests of justice.

"The task of weighing factors for and against transfer involves a large degree of subtlety and latitude and it is a decision within the discretion of the trial judge." *Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc*., 2005 U.S. Dist. LEXIS 6242, at *14 (N.D. Ill. Feb. 16, 2005) (internal citations and quotations omitted).  "Under § 1404(a), the movant has the burden of establishing that the suit should be transferred and must prove that the balance of interests weighs strongly in favor of proceeding in the proposed transferee district."  *Id.*, at *14-15 (internal citations and quotations omitted). Considering the convenience of the parties and witnesses and the interests of justice, a transfer is appropriate in this matter.  Defendant is unaware of any relevant witnesses located in Illinois.  None of the parties in this case are located in Illinois.  The Defendant is located in California and the Plaintiff is located in Kansas (see Complaint ¶¶ 3, 5-6). While Plaintiff's counsel resides in Illinois (see Complaint), "[a]s this Court has commented in other cases, "convenience of counsel" is *not* one of the statutory factors identified in Section 1404(a)."  *Wilson v. Con. Rail. Corp*., 1991 U.S. Dist. LEXIS 10429, at * 4 (N. D. Ill. July 26, 1991) (emphasis in original); *see also Chicago, Rock Island & Pac. Rail. Co. v. Igoe*, 220 F. 2d 299, 304 (7th Cir. 1955), *Household Reins. Co. v. Travelers Ins. Co*., 1991 U.S. Dist. LEXIS 8737, at *5-6 (N. Dist. Ill. June 27, 1991) ("In addition, the statute itself makes no mention of convenience of counsel. The court agrees that convenience of counsel should rarely, if ever, enter into its consideration of the proper venue.").  Therefore, the Central District of California would not be anymore inconvenient to the Plaintiff than Illinois.  Also, no relevant documents are located in

Illinois and Illinois does not provide easier access to sources of proof in this case. The Central District of California, not the Northern District of Illinois, is the locus of operative facts in this case since the acts complained of by the Plaintiff occurred in California (see Complaint ¶¶ 5-6).

While a Plaintiff's choice of forum is given "some weight," it is accorded even less weight when the "situs of events" is another forum or when the events that gave rise to claims occurred in another forum. *Fed. Dep. Ins. Corp. v. Citizens Bank & Trust Co.,* 592 F.2d 364, 368 (7th Cir. 1979); *Restaino*, at * 7. Plaintiff's choice gets even less deference when the Plaintiff is not a resident of the chosen venue. *Restaino*, at *7. Even though the Northern District of Illinois is the Plaintiff's choice of forum, which is a factor to consider, Plaintiff has not demonstrated that a substantial part of the events giving rise to their cause of action occurred in Illinois, let alone the Northern District of Illinois. Therefore, the operative facts in this case have no connection with Illinois whatsoever and Plaintiff's choice of venue should be accorded less weight. In fact, this Court has stated that "trademark infringement claims focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the infringer's place of business is often the critical and controlling consideration in deciding a motion to transfer." *Brunswick*, at *17 (internal citations and quotations omitted). The location of the Defendant's place of business is in the Central District of California.

In addition, the interests of judicial economical and the interests of justice would be best served if this Court transferred venue to the Central District of California since the Defendant is located in California and, allegedly, a substantial part of events giving rise to Plaintiff's cause of action occurred in California. Therefore, if the Court does not

dismiss this case for the reasons set forth above in Section I, it is respectfully submitted that the Court should transfer this action to the Central District of California.

**CONCLUSION**

For the reasons set forth above, this Court should dismiss this case because venue is improper or, in the alternative, transfer the matter to the Central District of California.

Dated: May 27, 2008

Glen Allen, Virginia                    Respectfully submitted:


/s/ Donald E. Morris, Esq.            _
John W. Dozier, Jr., Esq. (pro hac vice)
jwd@cybertriallawyer.com
Donald E. Morris, Esq. (pro hac vice)
don@cybertriallawyer.com
**DOZIER INTERNET LAW, P.C.**
301 Concourse Blvd.
West Shore III, Suite 300
Glen Allen, VA 23059
Phone: (804) 346-9770
Fax: (804) 346-0800

Ronald L. Bell (Bar # 3126822)
rlbelllawyer@aol.com
RONALD L. BELL & ASSOCIATES, P.C.
1275 Barclay Blvd.
Suite 100
Buffalo Grove, IL 60089
Phone: (847) 495-6000
Fax: (847) 495-6001

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Raymond P. Niro, Esq.
    Dina M. Hayes, Esq.
    NIRO, SCAVONE, HALLER & NIRO
    181 West Madison, Suite 4600
    Chicago, Illinois 60602-4515
    Telephone: (312) 236-0733
    Facsimile: (312) 236-3137
    rnirojr@nshn.com
    hayes@nshn.com

    *Counsel for Plaintiff*


                                        /s/ Donald E. Morris, Esq.          _
                                        Donald E. Morris, Esq. (pro hac vice)
                                        don@cybertriallawyer.com
                                        **DOZIER INTERNET LAW, P.C.**
                                        301 Concourse Blvd.
                                        West Shore III, Suite 300
                                        Glen Allen, VA 23059
                                        Phone: (804) 346-9770
                                        Fax: (804) 346-0800

                                        *Counsel for Defendant*